IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 04-cv-02283-LTB

STEVEN DOBBS and NAOMI DOBBS,

      Plaintiffs,

v.

ANTHEM BLUE CROSS AND BLUE SHIELD,
A Colorado Insurance Company,

      Defendant.

___

ORDER
___

This breach of insurance contract case is before me on Defendant, Anthem Blue Cross and Blue Shield's, Renewed Motion to Dismiss Plaintiffs' Amended Complaint on Remand [**Docket # 49**]; Plaintiffs, Steven Dobbs and Naomi Dobbs's, Response in Opposition [**Docket # 61**]; and Defendant's Reply [**Docket # 66**]. Defendant seeks dismissal of Plaintiffs' five state-law claims based on ERISA preemption. Oral arguments would not materially assist in the determination of this motion. After consideration of the motion and the case file, I GRANT Defendant's Renewed Motion to Dismiss Plaintiffs' Amended Complaint on Remand [**Docket # 49**].

I. Background

Plaintiffs filed suit against Defendant in September 2004 in Denver County District Court alleging five causes of action arising out of Defendant's failure to comply with its obligations under a health insurance policy issued to Plaintiff Steven Dobbs as an employee of the Southern Ute Indian Tribe. Mr. Dobbs's wife, Naomi Dobbs, and child, Skyler Dobbs (collectively "the

Dobbses"), are also covered by the policy.  Plaintiffs allege Defendant refused to apply "in network" pricing for a consultation with a "Preferred Provider" physician that culminated in a cranial surgery—also billed as "out of network."  Plaintiffs claim they were improperly denied the coverage they purchased and were subject to numerous and unnecessary appeals that cost significant amounts of time and money.  Defendant removed to the United States District Court for the District of Colorado on the grounds that Plaintiffs' claims arose out of an employee welfare benefit plan under ERISA.  Defendant moved to dismiss the complaint on November 2, 2004 based on ERISA's preemption scheme or, in the alternative, based on the policy's arbitration clause.  As accurately noted by Plaintiff, if ERISA does not apply to the underlying claims at issue here, this Court is divested of jurisdiction and may not reach the arbitration clause issue.

Plaintiffs appealed my dismissal of their state law claims to the Tenth Circuit.  The Tenth Circuit stated: "The threshold question in this case is whether federal or state law applies to an employee benefit plan established and maintained by a tribe for the benefit of its employees." *Dobbs v. Anthem Blue Cross & Blue Shield*, 475 F.3d 1176, 1177 (10th Cir. 2007).  If the answer to the first question is "yes," the next question is whether ERISA preempts the specific state law claims at issue.  *Id*.  The Tenth Circuit remanded to this Court to determine the first issue in light of the Pension Protection Act of 2006 ("the Act").  *Id*. at 1077–78 (citing Pension Protection Act of 2006, Pub. L. No. 109-280, 120 Stat. 780).  Section 906(a)(2)(A) of the Act amended 29 U.S.C. § 1002(32) to include plans established and maintained by Indian tribal governments under the "governmental plan" exception to ERISA.  Section 906(a)(2)(A) only exempts employee plans established and maintained by an Indian tribal government if substantially all of the

employee's duties are executed in the performance of essential government functions, not commercial activities—even if the commercial activities are essential government functions. The Tenth Circuit concluded: "Based on the Dobbses' complaint, we do not have enough information to determine whether the benefit plan meets the requirements of § 1002(32) and therefore remand the case to the District Court for consideration in light of the amended definition. If the Dobbses' benefit plan meets the new definition of governmental plan under § 1002(32), ERISA will not preempt their state-law causes of action against Anthem." *Dobbs*, 475 F.3d at 1178–79.

## II.  Standard of Review

The Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim. *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). Granting a motion to dismiss is a harsh remedy which must be exercised with caution to protect the liberal rules of pleading and the interests of justice. *Id*. When considering a motion to dismiss for failure to state a claim upon which relief can be granted, a district court must accept as true all factual allegations in the complaint. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). A district court should dismiss the complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). While the factual allegations need not be pleaded in great detail, they must be sufficiently precise to raise a right to relief above the speculative level. *Id*. at 1964–65, 1969 (abrogating the rule of *Conley v. Gibson*, 355 U.S. 41, 44–45 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

III.  Discussion

The Tenth Circuit remanded this case to this Court to determine "[i]f the Dobbses' benefit plan meets the new definition of a governmental plan under § 1002(32)." *Dobbs*, *supra*, 475 F.3d at 1178–79. I conclude it does.  In light of this holding, Plaintiffs argue I am bound by the Tenth Circuit's "mandate" that "ERISA does not preempt their state-law causes of action against Anthem." *Id*. at 1179.  I disagree.  The Act expressly states that the 2006 amendments to § 1002(32) do not apply retroactively.  The Tenth Circuit's holding is not contradictory.

A.  The Dobbses' benefit plan meets the new definition of governmental plan under § 1002(32)

The benefit plan at issue here is established and maintained by an Indian tribal government. The plan states the "Nature of Business" is "Tribal Government."  Mr. Dobbs claims he assists to manage the Tribal treasury in order to provide financial security for tribal functions, a position he believes is "a core function of sovereign government."  [**Docket # 32, p.2; Docket # 17, p.9**]. For the purposes of Defendant's Motion to Dismiss, I must accept the factual assertion that Mr. Dobbs assists to manage the Tribal treasury as true.

Management of the treasury is a vital element of self-governance that enables a government "to perform its most essential functions." THE FEDERALIST NO. 30 (Alexander Hamilton).  The ability to procure a regular and adequate supply of money is "an indispensable ingredient" in every government.  *Id*.  Because there is no indication that Mr. Dobbs was engaged in "commercial activities (whether or not an essential government function)," 29 U.S.C. § 1002(32), the Dobbses' plan meets the new definition of a governmental plan under ERISA, as amended.

B.  The new definition of governmental plan under § 1002(32) does not apply retroactively to the

### Dobbses' benefit plan

Although the Dobbses' benefit plan meets the new definition of a governmental plan, at the time their state-law complaint was filed on September 2, 2004, and at the time their state-law complaint was dismissed by orders entered on March 14 and May 13, 2005, the new definition did not exist. Holding the Dobbses' plan retroactively exempt from ERISA would materially alter the rights, duties, and liabilities of the parties in this case. Retroactive application of statutes is disfavored when such an application "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994). Thus, such a statute will not be given retroactive effect unless retroactive application is required by explicit language or by necessary implication. *See Fernandez-Vargas v. Gonzales*, 126 S.Ct. 2422, 2428 (2006).

"When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules." *Landgraf*, *supra*, 511 U.S. at 280. If the face of the statute does not so indicate, the court tries to draw a comparably firm conclusion about the statute's intended temporal reach by applying "normal rules of construction." *Fernandez-Vargas*, *supra*, 126 S.Ct. at 2428 (citing *Lindh v. Murphy*, 521 U.S. 320, 326 (1997)). If that effort fails, the court will refuse to apply the statute retroactively if such an application would affect substantive rights, liabilities, or duties on the basis of conduct occurring before the statute's enactment. *Id*.

Defendant argues Congress expressly intended Section 906(a)(2)(A) to be applied

prospectively only. I agree. Defendant cites to § 906(c) of the Act: "Effective Date–The amendments made by this section shall apply to any year beginning on or after the date of the enactment of this Act." This explicit language reflects the statute should not be applied retroactively and would seem to settle the matter on Defendant's behalf. *See Landgraf*, *supra*, 511 U.S. at 280. I am required, however, to consider the Tenth Circuit's prior ruling in this case.

### 1. The "mandate rule"

The "mandate rule" requires I conform my analysis to the articulated Tenth Circuit remand. *United States v. Moore*, 83 F.3d 1231, 1234–35 (10th Cir. 1996). The "mandate" consists of the Tenth Circuit's instructions at the conclusion of its opinion, and the entire opinion that preceded those instructions. *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003). When the remand is general, I am free to decide anything not foreclosed by the mandate; but if the remand is specific, I am limited to the further proceedings directed. *See id.* (citing *Hicks v. Gates Rubber Co.*, 928 F.2d 966, 971 (10th Cir. 1991)).

The mandate here was specific: "The determination of whether a tribal plan qualifies as a governmental plan under § 1002(32) requires a fact-specific analysis of the plan at issue and the nature of its participants' activities. . . . [W]e . . . therefore remand the case to the District Court for consideration in light of the amended definition." *Dobbs*, *supra*, 475 F.3d at 1178; *see Procter & Gamble Co.*, 317 F.3d at 1132 (holding that a district court violates the mandate rule when it goes beyond a determination of the narrow factual issue remanded by the appellate court). I applied "a fact-specific analysis of the plan at issue and the nature of its participants' activities" in Part III.A of this Order, *supra*, and held the Dobbses' benefit plan meets the new definition of governmental plan under 29 U.S.C. § 1002(32).

Despite the parties' arguments to the contrary, resolution of the Tenth Circuit's mandate does not dictate the outcome of this case because the 2006 amendments are not retroactive. Therefore, it is unnecessary to consider whether "exceptional circumstances" exist justifying my departure. *See Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1133 (10th Cir. 2001).

### 2.  The "law of the case" doctrine

The "law of the case" doctrine requires me to apply the prior decisions of the Tenth Circuit in this matter. *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996) ("Under the law of the case doctrine, findings made at one point during litigation become the law of the case for subsequent stages of that same litigation"). Plaintiffs argue the law of the case is: "If the Dobbses' benefit plan meets the new definition of governmental plan under § 1002(32), ERISA will not preempt their state-law causes of action against Anthem." *Dobbs*, *supra*, 475 F.3d at 1179.  I disagree.

For the law of the case doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition. *Procter & Gamble Co.*, *supra*, 317 F.3d at 1126 (citing *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1193 (9th Cir. 2000)).  "The Tenth Circuit has identified three circumstances by which a court may determine that an issue has been implicitly decided in a prior appeal for purposes of the law of the case doctrine: (1) resolution of the issue was a necessary step in resolving the earlier appeal; (2) resolution of the issue would abrogate the prior decision and so must have been considered in the prior appeal; (3) the issue is so closely related to the earlier appeal its resolution involves no additional consideration and so might have been resolved but unstated." *First Savings Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1091 (D. Kan. 2000) (citing *Guidry v. Sheet*

*Metal Workers Int'l Ass'n, Local No. 9*, 10 F.3d 700, 707 (10th Cir. 1993)).

None of the *Guidry* factors are met here. The Tenth Circuit's holding noted two issues on appeal: "whether federal or state law applies to an employee benefit plan established and maintained by a tribe for the benefit of its employees;" and "[if] federal law applies, . . . whether it preempts the state-law causes of action in this case." *Dobbs*, *supra*, 475 F.3d at 1177. The Tenth Circuit explicitly declined to answer either question: "We do not reach the second issue concerning preemption because we remand the case so that the District Court can consider the first question in light of a recent change in federal law." *Id*. Although the court's subsequent statement—"If the Dobbses' benefit plan meets the new definition of governmental plan under § 1002(32), ERISA will not preempt their state-law causes of action against Anthem"—appears on its face to "reach the second issue concerning preemption," the court's prior statement declining to rule on the preemption issue indicates the issue was not actually considered or resolved. Where an issue is not considered or resolved, a statement regarding the issue cannot be the rule of the case. *See Guidry*, *supra*, 10 F.3d at 707.

The Tenth Circuit's second statement on ERISA preemption merely reaffirms the obvious: if § 1002(32), as amended, applies to the claims arising out of the Dobbses' benefit plan on the date their complaint was filed—September 3, 2004—ERISA will not preempt their state-law causes of action. As the effective date of the § 1002(32) amendment, prospective in its application, was August 17, 2006, the September 3, 2004, claims arising under the Dobbses' plan are not covered under the amendment and are preempted by ERISA.

## IV.  Conclusion

When Congress enacts a new statute, it has the power to decide when the statute will become effective.  *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 313 n.12 (1994).  This Court has no authority to depart from a congressional command setting the effective date of a law that it has enacted.  *Id*.  Even when Congress amends a statute to clarify its meaning, its intent to reach conduct preceding the clarifying amendment must clearly appear.  *Id*.  Congress expressly stated that the 2006 amendments to 29 U.S.C. § 1002(32) would apply to any year beginning on or after August 17, 2006.  When Congress expressly states the effective date of a statutory amendment, my inquiry is at an end.  *See Fernandez-Vargas*, *supra*, 126 S.Ct. at 2428; *Landgraf*, *supra*, 511 U.S. at 280.  Therefore, for the reasons stated in my Orders on March 14, 2005 [**Docket # 22**] and May 13, 2005 [**Docket # 29**], Plaintiff's state law claims are preempted by ERISA.

Accordingly, IT IS ORDERED that Defendant's Renewed Motion to Dismiss Plaintiffs' Amended Complaint on Remand [**Docket # 49**] is GRANTED, Plaintiffs' Amended Complaint [**Docket # 9**] is DISMISSED with costs awarded Defendant and Judgment to enter accordingly.

Dated: August   23  , 2007, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE